Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 352 CONSOLIDATED 99C2292 & 99C2599 | **DATE** | 3/22/2001 |
| **CASE TITLE** | MARY C. SCHOEBERLE, Individually, and as vs. UNITED STATES OF AMERICA, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Defendant Mary Leiske's motion for summary judgment is denied. [36-1]

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 2 6 2001 | |
| | Notified counsel by telephone. | date docketed | 74 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY C. SCHOEBERLE, individually and as Special Administrator<br><br>Plaintiff<br>v.<br><br><br><br>UNITED STATES OF AMERICA, SIGNATURE FLIGHT SUPPORT CORPORATION, a Foreign Corporation<br><br><br><br><br><br><br>Defendants, | No. 99 C 0352<br>No. 99 C 2292<br>No. 99 C 2599<br><br>Judge Ronald A. Guzman<br><br><br><br><br>DOCKETED<br>MAR 2 6 2001 |

## MEMORANDUM OPINION AND ORDER

Pending is defendant Mary Leiske's, individually and as Special Administrator of the estate of her deceased husband, Roy Leiske, motion for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below this motion is denied (#36-1).

## FACTUAL BACKGROUND

On April 29, 1996, Roy C. Leiske, a Wisconsin resident, piloted a chartered twin engine Cessna 421, Registration Number N34IDA. Aboard the aircraft were Roy C. Leiske, the pilot, and passengers James Cook and Andrew Schoeberle. Monarch Aviation Services, an air charter business formed by Roy C. Leiske, was the charter operator.

The aircraft was chartered to fly from Milwaukee to Cedar Rapids, Iowa and return. Prior

1

to departure from Cedar Rapids, Signature Flight Support Corporation serviced the aircraft. During the flight, pilot Leiske encountered bad weather and reported low pressure in the left engine. While attempting to land at the Dubuque Municipal Airport, after being told by Air Traffic Control that a closer airport in Monticello, Iowa was a non-IFR airport, the aircraft crashed on a farm in the Township of Bernard, Jackson County, Iowa. All three men aboard the plane, Roy C. Leiske, James Cook, and Andrew Schoeberle were killed.

Mary Leiske initiated probate proceedings and was appointed Personal Representative of the Estate of Roy C. Leiske on June 19, 1996. The Milwaukee County probate court ordered that all claims must be filed against the estate by September 19, 1996, or be barred. At no time was any information concerning the Leiske estate, notice of deadline for filing of claims or notice of the statement to close the estate provided to Mary Schoeberle's attorneys despite the fact that these attorneys had contacted the attorneys representing the Leiske estate and requested copies of documents with respect to the insurance policy on the aircraft, the maintenance records on the aircraft as well as information with respect to Roy Leiske's licensing. Mary Leiske filed a Personal Representative's Statement to Close Estate on October 21, 1997 which was approved by the court on the same date, thereby closing the estate. On April 10, 1998 Mary Schoeberle filed a wrongful death action against the Leiske estate, Signature Flight and other defendants within the statutory prescribed limitations period for wrongful death actions. Once this action was filed against the Estate Signature Flight answered the complaint and affirmatively cross claimed against the Estate for contribution. On April 15, 1998, Mary Schoeberle initially filed two belated two claims in the amount of $5,000,000 and $7,000,000 against the Estate in the closed Roy C. Leiske estate which were both noted by the probate clerk as having been filed late. Mary

2

Leiske was discharged as Personal Representative on April 21, 1998 pursuant to § 865.16(2), Wis. Stats and was appointed Special Administrator of the Roy Leiske estate to: prosecute any such action for which the Estate will be named as a plaintiff, to collect the proceeds of any such settlement or judgment relating thereto, to distribute such proceeds to the beneficiary of the Estate and to perform any other act necessary to the prosecution of such action. On September 1, 2000 Mary Schoeberle and the Estate of Andrew Schoeberle each filed a claim for $5,000,000 and $7,000,000 respectively against Mary Leiske as Special Administrator of the Estate of Roy Leiske. Both claims were stamped by the Office of Probate Register as "Filed After Deadline."

## DISCUSSION

Rule 56(c), Fed. R. Civ. P., sets forth the standard for summary judgment. Summary judgment must be granted "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Crop., v. Catrett*, 477 U.S. 317, 322, (1986)(citing Fed. R.Civ. P.56(c)). "A genuine issue of material fact is not shown by the mere existence of some 'factual dispute between the parties', or by 'some metaphysical doubt as to the material facts." *Harris v. City of Harvey*,993, F. Supp. 1181,1185 (N.D.Ill. 1998)(citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255(1986); *Matsushita Elec. Indus.. Co. v. Zenith Radio Corp.,* "Rather, a genuine issue of material fact exists only if 'a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented. " *Harris,* 993 F. Supp. At 1185 (citing *Anderson,* 477 U.S. at 252).

Leiske moves for summary judgment against Mary Schoerberle's claims, as well as the estate of Andrew Schoeberle, arguing that the Schoeberles' claims are time barred by § 859.01

3

of the Wis. Stats.. Schoeberle disputes this time bar arguing that §859.01 does not apply to actions in tort and that the Estate of Leiske failed to give Mary Schoeberle personal notice[1] despite the fact that the lawyers for the Schoeberle estate wrote to the Leiske estate in May of 1996 requesting a certified copy of the insurance policy insuring the plane in the accident, copies of all log books, maintenance records, and receipts for any repairs on the plane during its history, the name, address of all records relating to any annual inspection done on the airplane and all maintenance repair records, logs and documents relating to any requirement by Milwaukee County or General Mitchell Filed for Mr. Leiske's licensing as an authorized 135 Carrier.

The Schoeberle plaintiffs refiled their claims against the Estate of Leiske with the Special Administrator on September 1, 2000. While it is undisputed that these claims were filed after the deadline, set forth in § 859.01, Wis. Stat., (Time for filing claims... "the date shall not be less than 3 months nor more than 4 months from the date of the order") tort claims are specifically exempt from the provision set forth in § 859.01. *See* section 859.02(2)and MacDonald, *Wisconsin Probate Law*, (8th Ed.) § 9:6. Section 859.45 of the Wisconsin Probate Act provides in relevant part:

**Tort claims.**

(1) FILED WITHIN TIME LIMITED.

If a claim based on a cause of action in tort or for contribution resulting from a cause of action in tort is filed on or before the deadline for filing a claim under § 859.01 or 859.21 or a continuance is secured under § 859.03, the claimant will receive the same protection in regard to payment as a claimant who has filed a claim which was required to be filed.

---

[1] It is undisputed that notice by publication took place with respect to Roy Leiske's estate.

4

(2) NOT FILED WITHIN TIME LIMITED.

A cause of action against a decedent in tort for contribution resulting from a cause of action in tort is not defeated by failure to file the claim or commence or continue an action against the personal representative on or before the deadline for filing a claim under § 859.01 against an estate, but the failure relieves the court of all responsibility to protect the rights of the claimant and the claimant shall not be granted any of the protections under § 859.21. If the claim is made absolute through court approved settlement or adjudication and a certified copy of the settlement or judgment is filed in court in which the estate is being administered prior to the approval of the final account, it shall be paid prior to the distribution of the estate, otherwise, the estate may be distributed as though the claim did not exist. After the final account has been approved, a claimant whose claim had been made absolute through court approved settlement or through adjudication may proceed against the distributees, but no distributee may be liable for an amount greater than that allowed under § 859.23.

(Emphasis added).

MacDonald explains in section 9:18, *Wisconsin Probate Law,* the history behind the application of the probate statute to torts. He explains as follows:

Although no mention has been made of tort claims in past statutes requiring claims against a decedent's estate to be filed during the probate proceedings and within the time set for filing of all claims, the Wisconsin courts have consistently held that the statutes, do not apply to tort claims and that failure to file does not bar such claims.[2] This rule applies to all claims based on torts whether based directly on a cause of action in tort or for contribution resulting from a cause of action in tort. However, failure to file on or before the deadline for filing a claim against the estate relieves the court of its responsibility to protect the rights of the claimant. This rule will apply in all cases except those where the claim is made absolute through a court approved settlement or adjudication and a certified copy of the settlement or judgment is filed in the court where the estate is being administered prior to the approval of the final account. A claimant whose claim has been made absolute through court approved settlement or adjudication but who did not file a certified copy of the settlement with the court prior to the

---

[2]*Lounsbury v. Eberlein,* 2 Wis 2d 112, 86 N.W.2d 12; *In re Estate of George,* 225 Wis 251, 270 NW 538, 274 NW 294; *DeBrue v. Frank,* 213 Wis. 280, 251 NW 494, *Payne v. Meisser,* 176 Wis. 432, 187 NW 194.

5

approval of the final account may proceed against distributees whose distributive shares have been increased by reason of the fact that the amount of the claim as finally determined was not paid prior to the final distribution. [3] No distributee will be liable for an amount exceeding his or her proportionate share of the estate subject to the claim, or for an amount greater than the value of the property received from the estate.[4]

In light of the language of § 859.02(2) as well § 859.45(2) it is clear that the effect of failing to file a claim within the § 859.01 time limitation is merely to relegate the claim to unprotected status. Even then, if the claim is made absolute (such as by judgment) and filed before approval of the final account it shall be paid prior to distribution of the estate. In the case, such as we have here, where the claim is not made absolute and filed until the estate has been closed and distributed, even then the claimant may proceed against the distributees of the estate for a limited amount as allowed in § 859.23. The whole purpose of establishing a special administration is not only so that the estate of the decedent can pursue a cause of action belonging to the decedent but also causes of action against the decedent. *See* § 867.07(6), Wis. Stats. ("court may appoint a special administrator if it appears that "a cause of action exists for or against the decedent or the decedent estate's") *see In re Rundle's Guardianship,* 245 Wis. 274, 277, 13 N.W. 2d 921, 922 (1944).

It is undisputed that the Schoeberle plaintiffs have tort claims pending in this Court and in Linn County, Iowa against the Estate of Roy Leiske. Leiske's estate also has tort claims pending against the United States and Signature Flight in this Court. This is precisely the role of

---

[3]Stats § 859.45(2).

[4]Stat § 859.45(2).

a special administration in probate and such could not be accomplished by the informal administration summarily closed on April 15, 1998 pursuant to sections 859.01 and 859.05 Wis. Stats. The affidavit of Mary Leiske's attorney, Catherine M. Priebe Hertzberg supports this conclusion in that in paragraph 4 of her affidavit indicates the Deputy Registrar in Probate James L. Reid informed counsel that [she] would need to proceed with a special administration in order for Mary Leiske to have authority to pursue a wrongful death action as plaintiff on behalf of the Estate." (Hertzberg Affidavit, ¶4). Judge Terence T. Evans also stated in *Ecodyne Corp. v. A.F. Schulz Creamery, Inc.*, 1984 WL 3224 *2 (E.D. Wis. 1984) that § 859.01 does not apply to torts. See also *Lounsbury v. Eberlein*, 2 Wis.2d 112, 86 N.W.2d 12, (1957). Furthermore, as Judge Brady noted in *Murmuring Pines Estates, Inc. v. Edwin G. Ganther*, 168 Wis. 2d 776, 486 N.W. 2d 37 "[i]f it is discovered after closure of the estate that the decedent held assets that were not known to exist, then persons interested and creditors should have the same opportunity to assert their interest, as they do in ordinary probate." Accordingly, we find no basis in the Wisconsin probate statutory scheme for concluding that Schoberle's claims are time barred. Leiske's motion for summary judgment is accordingly denied.

## CONCLUSION

For the reasons set forth above defendant Mary Leiske's motion for summary judgment is denied (# 36-1).

SO ORDERED

ENTERED: 3/22/07

HON. RONALD A. GUZMAN
United States Judge

7